UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LARRY F. DEAN,

                      Plaintiff,

v.

NANCY JOHNSTON AND LAURIE SEVERSON,

                      Defendant.

No. 19-3186 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER**

Larry F. Dean, **MSOP**, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

Molly Beckius, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for defendants.

Plaintiff Larry F. Dean, who is civilly committed in the Minnesota Sex Offender Program ("MSOP"), filed a Complaint against Nancy Johnston, Executive Director of MSOP, and Laurie Severson, a Unit Director at MSOP, alleging constitutional violations under the Fourth and Fourteenth Amendments. Defendants moved to dismiss the Complaint, pursuant to Rules of Civil Procedure 12(b)(1) and 12(b)(6). Magistrate Judge Leo I. Brisbois recommended that Defendants' Motion be granted, and Plaintiff's Complaint be dismissed without prejudice. Plaintiff filed Objections to Judge Brisbois's Report and Recommendation ("R&R") and subsequently moved the Court for leave to amend the Complaint.

Because the Court finds that Plaintiff has failed to state a claim for violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, the Court will overrule Plaintiff's objections, adopt the R&R, and grant Defendants' Motion to Dismiss without prejudice.  The Court will also grant Plaintiff 30 days to amend and file a new complaint.

### I. FACTUAL BACKGROUND

Plaintiff Larry F. Dean is civilly committed to the Minnesota Sex Offender Program ("MSOP") and resides at MSOP's facility in Moose Lake, Minnesota.  Plaintiff alleges that on May 21, 2019, he received notification from Defendant Laurie Severson that his status in the program would be changed from Tier 3 to Tier 2 as a result of multiple behavioral issues, including lying and misrepresentation, assault, disorderly conduct, and threatening others.  (Compl. ¶ 11, Dec. 27, 2019, Docket No. 1.)  Plaintiff states that the purported goal of the "tier system" at MSOP is "to promote personal growth, a positive attitude and socially acceptable behavior" through "positive reinforcements rather than punishment as a means of controlling behavior." (Compl. ¶ 9–10.)  MSOP clients have enhanced privileges and opportunities as they advance through each tier.  (Compl. ¶ 9.)  Clients may also be moved to a lower tier due to disciplinary infractions.  (*Id.*)

Due to Plaintiff's change of status from Tier 3 to Tier 2, he was required to forfeit any personal gaming equipment, adhere to a 9:00 p.m. curfew, sign up for computer use, and have his movements supervised by checking in between scheduled activities.  (Compl.

¶ 11.) Plaintiff was required to send his Xbox 360 out of the Moose Lake facility and was informed that he would not be eligible to possess a gaming system until he had re-obtained Tier 3 status for 90 days. (Compl. ¶ 10.) At that point, he would be allowed to purchase a new gaming system, but would not be allowed to have his prior Xbox returned to the Moose Lake facility. (Compl. ¶ 10 n. 2.)

Plaintiff filed suit against Defendants Nancy Johnston, Executive Director of MSOP, and Laurie Severson, Unit Director, in both their individual and official capacities. (Compl. ¶¶ 8, 10.) Plaintiff alleges that Defendants have infringed his Fourth Amendment right to freedom from illegal search and seizure by requiring him to forfeit his Xbox 360 gaming system. (Compl. ¶¶ 10–12.) Further, Plaintiff claims that he was not provided a hearing or opportunity to appeal his tier status change, in violation of his Fourteenth Amendment rights to procedural due process and equal protection. (Compl. ¶¶ 11, 17–18.)

## II.    PROCEDURAL HISTORY

Defendants moved to dismiss the Complaint with prejudice for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). (Defs.' Mot. Dismiss, Apr. 20, 2020, Docket No. 13). Upon review, the Magistrate Judge issued a Report and Recommendation ("R&R") finding that Plaintiff's Complaint, as pleaded, (1) did not plausibly allege a violation of his Fourth Amendment rights related to the seizure of his Xbox; (2) did not allege any similarly situated individuals were treated dissimilarly, as required for an equal

protection claim, and (3) did not identify any constitutionally protected liberty interest that would have triggered a cognizable due process claim. (R&R at 12, 12 n. 5, 18, July 23, 2020, Docket No. 23.) Plaintiff filed objections to the R&R on August 6, 2020, (Pl.'s Obj. R&R, Aug. 6, 2020, Docket No. 24), and on October 1, 2020, requested leave to amend his Complaint, (Mot. Leave Am. Compl., Oct. 1, 2020, Docket No. 28.)

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). In light of Plaintiff's objections, the Court reviews the R&R *de novo*.

**II.     MOTION TO DISMISS**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, drawing all reasonable inferences in their favor. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).  "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 441 U.S. 89, 94 (2007) (internal quotation removed).

A party may amend its pleading by leave of court, and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Amendment of pleadings should be liberally allowed. *Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).  Thus, "absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment— leave to amend should be granted." *Id.*

### A. FOURTH AMENDMENT SEARCH & SEIZURE

"[I]nvoluntarily civilly committed persons retain the Fourth Amendment right to be free from unreasonable searches that is analogous to the right retained by pretrial detainees." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1028 (8th Cir. 2012). To determine whether a seizure is constitutionally reasonable, the Court must balance the individual's Fourth Amendment interest against the governmental interest in the intrusion. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 483 (8th Cir. 2010).

MSOP administrators have a strong interest in facilitating compliance with institutional norms, maintaining the safety of their staff and clients, and incentivizing positive social behaviors. *See e.g. Serna v. Goodno*, 567 F.3d 944, 953 (8th Cir. 2009); *Senty-Haugen v. Goodno*, 462 F.3d 876, 888 (8th Cir. 2006). Plaintiff does not dispute that his demotion from Tier 3 to Tier 2 was a result of his own behavioral infractions, nor does he dispute that MSOP clients are prohibited from possessing gaming systems when they are on Tier 2. The Court therefore finds that Plaintiff has not plausibly alleged that his Fourth Amendment rights were violated by unreasonable seizure.

### B. EQUAL PROTECTION

"The Equal Protection Clause requires state actors to treat similarly situated persons alike, but state actors do not run afoul of the Equal Protection Clause if they treat dissimilarly situated persons dissimilarly." *Am. Family Ins. v. City of Minneapolis*, 836 F.3d 918, 921 (8th Cir. 2016). Plaintiff acknowledges that clients on different tiers at MSOP

are situated dissimilarly and Plaintiff does not allege that other clients on Tier 2 are afforded greater privileges than himself.  Plaintiff also does not allege that other clients who have been demoted to a lower tier have received different procedural protections than him.  The Court accordingly finds that Plaintiff has not stated a claim that MSOP has violated his equal protection rights.

### C. PROCEDURAL DUE PROCESS

Finally, "[t]o set forth a procedural due process violation, a plaintiff, first, must establish that his protected liberty or property interest is at stake." *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 817 (8th Cir. 2011) (quotation omitted).  If a plaintiff does have a protected liberty or property interest, then the Court "consider[s] what process is due by balancing the specific interest that was affected, the likelihood that the [MSOP] procedures would result in an erroneous deprivation, and [MSOP's] interest in providing the process that it did, including the administrative costs and burdens of providing additional process." *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332–35 (1976)).

Plaintiff fails to identify any constitutionally protected liberty interest resulting from his reassignment from Tier 3 to Tier 2.  Civilly detained people like Dean retain protected liberty interests, though their liberties may be permissibly curtailed due to the circumstances of their confinement.  *Senty-Haugen*, 462 F.3d at 886.  Dean does not,

however, have a liberty interest in retaining privileges lost as a result of his own counter-therapeutic behaviors. *See e.g. Beaulieu*, 690 F.3d at 1041.

Plaintiff's personal property rights may also be reasonably constrained in accordance with MSOP's therapeutic or policy considerations. *See Beaulieu*, 690 F.3d at 1047; *Banks v. Jesson*, Civ. No. 11-1706, 2012 WL 13094534, at *11 (D. Minn. Jan. 13, 2020) ("As in the case of personal computers, Plaintiff has no constitutional right to electronic gaming systems or satellite radio devices."). Because he does not identify a constitutionally protected liberty or property interest, Plaintiff fails to state a cognizable claim for a procedural due process violation.

Despite the deficiencies in the complaint, the Court finds that granting leave to amend would not unduly prejudice the parties. Accordingly, the Court will grant Defendants' Motion to Dismiss and permit Plaintiff 30 days to amend his Complaint.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 23] is **ADOPTED** and Plaintiff's Objections to the R&R [Docket No. 24] are **OVERRULED**;

2. Defendants' Motion to Dismiss [Docket No. 13] is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice;

3. Plaintiff's Motion for Leave to Amend is **DENIED** as moot [Docket No. 28]; Plaintiff shall have 30 days from the date of this order to file an amended complaint.

DATED: November 23, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court